FISHER & PHILLIPS LLP
MARK J. RICCIARDI, ESQ.
Nevada Bar No. 3141
CHRISTIAN ZINN, ESQ.
Nevada Bar No. 9730
3993 Howard Hughes Parkway
Suite 650
Las Vegas, Nevada  89169
Telephone:  (702) 252-3131
Facsimile:   (702) 252-7411

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH ARNOLD, | ) |
| | ) Case No.: 2:07-cv-00249-LDG-PAL |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ANSWER** |
| | ) |
| AMERICAN CASINO AND ENTERTAINMENT, d/b/a/ ARIZONA CHARLIE'S BOULDER, a Nevada Corporation, | ) |
| | ) |
| Defendant. | ) |

Defendant, Fresca, LLC d/b/a Arizona Charlie's Boulder,[1] by and through its counsel, Fisher & Phillips LLP, hereby, for its Answer to Plaintiff Keith Arnold's ("Plaintiff") Complaint, alleges as follows:

## I.    JURISDICTION

Defendant denies the allegations contained in the unnumbered paragraph of Section I of Plaintiff's Complaint.

---

[1] Incorrectly named in the Complaint as American Casino and Entertainment, d/b/a/ Arizona Charlie's Boulder, a Nevada Corporation.

LasVegas 68456.1

- 1 -

## II.    PARTIES & VENUE

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of Section II of Plaintiff's Complaint and therefore denies each and every allegation contained therein..

2. Defendant admits Fresca LLC dba Arizona Charlie's Boulder's principal place of business is in the State of Nevada. Defendant denies each and every other allegation contained in paragraph 2 of Section II of Plaintiff's Complaint.

3. Defendant admits that venue is proper in this Court. Defendant denies that American Casino and Entertainment was Plaintiff's employer.

## III.    RIGHT TO SUE

Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the unnumbered paragraph of Section III of Plaintiff's Complaint and therefore denies each and every allegation contained therein..

## IV.    FIRST CAUSE OF ACTION:
## RACIAL DISCRIMINATION AND HARASSMENT

1. Defendant denies each and every allegation contained in paragraph 1 of the First Cause of Action of Plaintiff's Complaint.

2. Defendant denies each and every allegation contained in paragraph 2 of the First Cause of Action of Plaintiff's Complaint.

3. Defendant denies each and every allegation contained in paragraph 3 of the First Cause of Action of Plaintiff's Complaint.

4. Defendant admits that Plaintiff was terminated after a verbal altercation with Mr. Benavente. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 4 of the First Cause of Action of

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131  Fax (702) 252-7411

Plaintiff's Complaint and therefore denies each and every other allegation contained therein.

5. Defendant admits that Jennifer Roberts directed both Plaintiff and Mr. Benavente to go home for the day. Defendant further admits that Plaintiff went home for the day. Defendant denies each and every other allegation contained in paragraph 5 of the First Cause of Action of Plaintiff's Complaint.

6. Defendant denies each and every allegation contained in paragraph 6 of the First Cause of Action of Plaintiff's Complaint.

## V.   SECOND CAUSE OF ACTION:

## TORT DAMAGES: ANGUISH AND STRESS

1. Defendant denies each and every allegation contained in paragraph 1 of the Second Cause of Action of Plaintiff's Complaint.

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Second Cause of Action of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

3. Defendant denies each and every allegation contained in paragraph 3 of the Second Cause of Action of Plaintiff's Complaint.

## VI.   THIRD CAUSE OF ACTION:

## PUNITIVE DAMAGES: FLAGRANT DISREGARD TO PROTECTED RIGHTS

1. The Third Cause of Action does not contain factual allegations and therefore does not require an answer. To the extent any of the allegations assert facts, defendant denies each and every allegation contained in paragraph 1 of the Third Cause of Action of Plaintiff's Complaint.

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131   Fax (702) 252-7411

2.	The Third Cause of Action does not contain factual allegations and therefore does not require an answer. To the extent any of the allegations assert facts, defendant denies each and every allegation contained in paragraph 2 the of Third Cause of Action of Plaintiff's Complaint.

3.	The Third Cause of Action does not contain factual allegations and therefore does not require an answer. To the extent any of the allegations assert facts, defendant denies each and every allegation contained in paragraph 3 of the Third Cause of Action of Plaintiff's Complaint.

## RESPONSE TO "SUPPORTING FACTS" EXHIBIT

Defendant objects to the characterizations used in the headings of the "Supporting Facts" Exhibit. To the extent any of those headings are deemed allegations of fact, each and every such allegation is denied by Defendant.

### Evidence of Intent

Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the unnumbered paragraph of the Evidence of Intent section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

### Participants in Unlawful Harassment

Defendant denies each and every allegation contained in the unnumbered paragraph of the Participants in Unlawful Harassment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

1.	Defendant states that the Employee Handbook speaks for itself. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Participants in Unlawful Harassment section of

LasVegas 68456.1

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131   Fax (702) 252-7411

Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein. No Exhibit 2 was attached to Plaintiff's Complaint.

**Race Inquiry**

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the <u>Race Inquiry</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

2. Plaintiff includes no paragraph 2.

3. Defendant admits that race should not be used as a factor in hiring, terminating, promoting, compensating, job training or the setting of other terms and conditions of employment. Defendant specifically denies that any inquiry based on race was made by Defendant's management. Defendant denies each and every other allegation contained in paragraph 3 of the <u>Race Inquiry</u> section of Plaintiff's Supporting Facts exhibit. No Exhibit 2 was attached to Plaintiff's Complaint.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the <u>Race Inquiry</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

5. Defendant states that the Employee Handbook speaks for itself. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the <u>Race Inquiry</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein. No Exhibit 3 was attached to Plaintiff's Complaint.

6. Defendant denies each and every allegation contained in paragraph 6 of the Race Inquiry section of Plaintiff's Supporting Facts exhibit.

**Safety Violation Challenge**

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Safety Violation Challenge section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

2. Plaintiff includes no paragraph 2.

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the Safety Violation Challenge section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Safety Violation Challenge section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Safety Violation Challenge section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

6. Defendant denies that an employee named Gonzalez was employed in the Receiving Department during the time that Plaintiff was employed in the Receiving Department. Defendant states that the Employee Handbook speaks for itself. Defendant lacks sufficient information or knowledge to admit or deny the other

allegations contained in paragraph 6 of the <u>Safety Violation Challenge</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the <u>Safety Violation Challenge</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein. No photographs were attached to Plaintiff's Complaint.

8. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 8 of the <u>Safety Violation Challenge</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

**First Intimidation Attempt**

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the <u>First Intimidation Attempt</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

2. Defendant admits that Mr. Otts told Defendant's human resources representative that he had allegedly received threatening phone calls from Mr. Jiminez, however, Defendant could not substantiate Mr. Otts' claims. Defendant denies each and every other allegation contained in paragraph 2 of the <u>First Intimidation Attempt</u> section of Plaintiff's Supporting Facts exhibit.

3. Defendant denies each and every allegation contained in paragraph 3 of the <u>First Intimidation Attempt</u> section of Plaintiff's Supporting Facts exhibit.

LasVegas 68456.1

**Issue: Gunfight Challenge (2nd Intimidation Attempt)**

1. Defendant states that the Employee Handbook speaks for itself. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 1 of the Issue: Gunfight Challenge (Second Intimidation Attempt) section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein. No Exhibit 2 was attached to Plaintiff's Complaint.

**Violation of Company Commitment**

1. Defendant admits that Mr. Jimenez had counseled Plaintiff for working too slowly. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 1 of the Violation of Company Commitment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein.

2. Defendant states that the Employee Handbook speaks for itself. Defendant admits Plaintiff reported to Jennifer Roberts that Mr. Jimenez had counseled Plaintiff for working too slowly. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 2 of the Violation of Company Commitment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein.

**Witness to Hostile Work Environment**

1. Defendant admits Mr. Pipes transferred from the Receiving Department to the Security Department. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 1 of the Witness to Hostile Work Environment section of Plaintiff's Supporting Facts exhibit and therefore denies

each and every other allegation contained therein. No Exhibit 5 was attached to Plaintiff's Complaint.

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the <u>Witness to Hostile Work Environment</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the <u>Witness to Hostile Work Environment</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the <u>Witness to Hostile Work Environment</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the <u>Witness to Hostile Work Environment</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

6. Defendant admits that Mr. Pipes was given an Exemplary Team Player Award, Exemplary Community Service Award, and named the "Best of the Best" by Arizona Charlie's Boulder. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 6 of the <u>Witness to Hostile Work Environment</u> section of Plaintiff's Supporting Facts exhibit and therefore denies

LasVegas 68456.1

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131   Fax (702) 252-7411

each and every other allegation contained therein. No Exhibit 6 was attached to Plaintiff's Complaint.

**Meeting with Manager Dwayne Hutchison**

1. Defendant admits Plaintiff met with Ms. Roberts and may have met with Mr. Jimenez and Mr. Hutchison to discuss Mr. Jimenez's management style. Defendant denies each and every other allegation contained in paragraph 1 of the Witness to Hostile Work Environment section of Plaintiff's Supporting Facts exhibit.

2. Defendant admits that Mr. Hutchison told Plaintiff that the company would try to work with him. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 2 of the Witness to Hostile Work Environment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein.

**Retaliation, Insubordination and Continued Harassment**

1. Defendant admits that in his second meeting with Ms. Roberts Plaintiff reported a remark made to him by a co-worker. Defendant lacks sufficient information or knowledge to admit or deny the other allegations contained in paragraph 1 of the Retaliation, Insubordination and Continued Harassment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every other allegation contained therein.

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Retaliation, Insubordination and Continued Harassment section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

- 10 -

LasVegas 68456.1

**Events that Lead Up To Termination**

Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the unnumbered paragraph of the <u>Events that Lead Up To Termination</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

**Altercation with Robert Benavente**

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

2. Defendant denies each and every allegation contained paragraph 2 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein. No photographs were attached to Plaintiff's Complaint.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

LasVegas 68456.1

6. Defendant denies each and every allegation contained in paragraph 6 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

7. Defendant admits Mr. Benavente said, "what did you say to me?". Defendant denies each and every other allegation contained in paragraph 7 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

8. Defendant admits Plaintiff got up from his chair and showed another employee aggressive, hostile behavior. Defendant denies each and every other allegation contained in paragraph 8 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

9. Defendant admits Plaintiff reported to Mr. Jimenez that he had almost "fired someone up" and almost "went off on" Robert Benavente. Defendant denies each and every other allegation contained in paragraph 9 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

10. Defendant states that the Employee Handbook speaks for itself. Defendant admits Plaintiff behaved in a confrontational manner towards Mr. Benavente. Defendant denies each and every other allegation contained in the first paragraph 10 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

10 [second]. Defendant denies each and every allegation contained in the second paragraph 10 of the <u>Altercation with Robert Benavente</u> section of Plaintiff's Supporting Facts exhibit.

**Final Meeting with Jennifer Roberts & Allan Carter**

1. Defendant admits Plaintiff met with Jennifer Roberts and Allan Carter

- 12 -

LasVegas 68456.1

1   and described his version of the incident with Mr. Benavente.  Defendant denies each

2   and every other allegation contained in paragraph 1 of the <u>Final Meeting with Jennifer</u>

3   <u>Roberts & Allan Carter</u> section of Plaintiff's Supporting Facts exhibit.

4       2.    Defendant denies each and every allegation contained in paragraph 2 of

5   the <u>Final Meeting with Jennifer Roberts & Allan Carter</u> section of Plaintiff's

6   Supporting Facts exhibit.

7       3.    Defendant admits the allegations contained in paragraph 3 of the <u>Final</u>

8   <u>Meeting with Jennifer Roberts & Allan Carter</u> section of Plaintiff's Supporting Facts

9   exhibit.

**Discrimination**

10       1.    Defendant lacks sufficient information or knowledge to admit or deny

11   the allegations contained in paragraph 1 of the <u>Discrimination</u> section of Plaintiff's

12   Supporting Facts exhibit and therefore denies each and every allegation contained

13   therein.

14       2.    Defendant denies each and every allegation contained in paragraph 2 of

15   the <u>Discrimination</u> section of Plaintiff's Supporting Facts exhibit and therefore denies

16   each and every allegation contained therein.

17       3.    Defendant denies each and every allegation contained in paragraph 3 of

18   the <u>Discrimination</u> section of Plaintiff's Supporting Facts exhibit and therefore denies

19   each and every allegation contained therein.

**Termination by Telephone**

20       1.    Defendant admits Plaintiff received a telephone call from Jennifer

21   Roberts with Allan Carter present informing Plaintiff he was terminated.  Defendant

22   denies each and every other allegation contained in paragraph 1 of the <u>Termination by</u>

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131   Fax (702) 252-7411

LasVegas 68456.1

- 13 -

Telephone section of Plaintiff's Supporting Facts exhibit.

2. Defendant denies each and every allegation contained in paragraph 2 of the Termination by Telephone section of Plaintiff's Supporting Facts exhibit. No Exhibit 7 was attached to Plaintiff's Complaint.

**Post Termination (Meeting with Fred Houghland, Human Resource Manager)**

1. Defendant admits Plaintiff met with Fred Houghland on or about October 31, 2005. Defendant denies each and every other allegation contained in paragraph 1 of the Post Termination (Meeting with Fred Houghland, Human Resource Manager) section of Plaintiff's Supporting Facts exhibit.

2. Defendant admits the allegations contained in paragraph 2 of the Post Termination (Meeting with Fred Houghland, Human Resource Manager) section of Plaintiff's Supporting Facts exhibit.

3. Defendant denies each and every allegation contained in paragraph 3 of the Post Termination (Meeting with Fred Houghland, Human Resource Manager) section of Plaintiff's Supporting Facts exhibit.

4. Defendant denies each and every allegation contained in paragraph 4 of the Post Termination (Meeting with Fred Houghland, Human Resource Manager) section of Plaintiff's Supporting Facts exhibit.

**REASONS FOR JUDGMENT OF DISCRIMINATION AND HARASSMENT $300,000**

1. Title VII of the Civil Rights Act of 1964 and the Nevada Fair Employment Practices Statutes speak for themselves. Defendant denies each and every other allegation contained in paragraph 1 of the Reasons for Judgment of Discrimination and Harassment $300,000 section of Plaintiff's Supporting Facts exhibit.

LasVegas 68456.1

2. Title VII of the Civil Rights Act of 1964 and the Nevada Fair Employment Practices Statutes speak for themselves. Defendant denies each and every other allegation contained in paragraph 2 of the <u>Reasons for Judgment of Discrimination and Harassment $300,000</u> section of Plaintiff's Supporting Facts exhibit.

## REASONS FOR JUDGMENT OF TORT DAMAGES $300,000

Defendant denies each and every allegation contained in the first and second unnumbered paragraphs of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit.

1. Defendant denies each and every allegation contained in paragraph 1 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit.

2. Defendant denies each and every allegation contained in paragraph 2 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit.

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

4. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

LasVegas 68456.1

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131   Fax (702) 252-7411

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

6. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the <u>Reasons for Judgment of Tort Damages $300,000</u> section of Plaintiff's Supporting Facts exhibit and therefore denies each and every allegation contained therein.

**REASONS FOR JUDGMENT OF PUNITIVE DAMAGES $10,000,000**

1. Defendant denies each and every allegation contained in paragraph 1 of the <u>Reasons for Judgment of Punitive Damages $10,000,000</u> section of Plaintiff's Supporting Facts exhibit.

2. Defendant denies each and every allegation contained in paragraph 2 of the <u>Reasons for Judgment of Punitive Damages $10,000,000</u> section of Plaintiff's Supporting Facts exhibit.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, filing deadlines, and charge deadlines, or are otherwise time-barred.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies.

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131  Fax (702) 252-7411

LasVegas 68456.1

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the statutory damages caps for his claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Liability for punitive damages is limited to the extent any award of such damages would violate the due process of causes of the United States or Nevada Constitutions and to the extent limited by statute.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged harassment, and Plaintiff unreasonably failed to take advantage of such preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent any employees of Defendant engaged in unlawful actions (which is denied), Defendant would not be liable for punitive damages because such actions were contrary to its policies and good faith efforts to comply with state and federal law.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Defendant be awarded its reasonable attorney's fees and costs to defend this matter;

LasVegas 68456.1

FISHER & PHILLIPS
3993 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89169
Telephone (702) 252-3131  Fax (702) 252-7411

3. For any other relief the Court deems reasonable and proper.

DATED this 21st day of March, 2007.

Respectfully submitted,

FISHER & PHILLIPS LLP

/s/
MARK J. RICCIARDI, ESQ.
3993 Howard Hughes Parkway, Suite 650
Las Vegas, NV  89109
Attorney for Defendant

**CERTIFICATE OF MAILING**

This is to certify that on the 21st day of March, 2007, the undersigned, an employee of  FISHER & PHILLIPS LLP, placed a copy of the foregoing ANSWER in the United States Mail, postage prepaid, and addressed as follows:

Keith Arnold
2120 Sun Avenue, #E
North Las Vegas, NV  89030
Plaintiff pro se

By: Ilene J. Hasforth
An employee of Fisher & Phillips LLP

LasVegas 68456.1

- 18 -